1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10              **EASTERN DIVISION**

11

12   SHIRLEY DRISKELL,           )     No. EDCV 07-1219 CW
                                  )
13              Plaintiff,        )     DECISION AND ORDER
            v.                    )
14                               )
     MICHAEL J. ASTRUE,          )
15   Commissioner, Social Security )
     Administration,             )
16                               )
                 Defendant.       )
17   _____)

18

19        The parties have consented, under 28 U.S.C. § 636(c), to the

20   jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks

21   review of the Commissioner's denial of disability benefits.  As

22   discussed below, the court finds that the Commissioner's decision

23   should be reversed and this matter remanded for further proceedings.

24                        **I.   BACKGROUND**

25        Plaintiff Shirley Driskell was born on July 22, 1964, and was

26   forty-two years old at the time of her administrative hearing.

27   [Administrative Record ("AR") 70, 273.]  She has a high school

28   education and past relevant work experience as a secretary. [AR 75,

                                1

79.]  Plaintiff alleges disability on the basis of "chronic obstructive pulmonary disease aka emphysema." [AR 74.]

## II.  PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on September 21, 2007, and filed on October 9, 2007.  On May 22, 2008, defendant filed an answer and plaintiff's Administrative Record ("AR").  On September 2, 2008, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for supplemental security income ("SSI") under Title XVI of the Social Security Act on February 8, 2005, alleging disability since November 2, 2003. [JS 2, AR 12.]  After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on April 13, 2007, before Administrative Law Judge ("ALJ") F. Keith Varni. [AR 273.] Plaintiff appeared with counsel and testified at the hearing. [AR 274.]  The ALJ denied benefits in a decision dated April 23, 2007. [AR 12-17.]  When the Appeals Council denied review on August 6, 2007, the ALJ's decision became the Commissioner's final decision. [AR 3.]

## IV.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject

2

the finding and set aside the decision to deny benefits.  <u>See</u> <u>Aukland</u>
<u>v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001); <u>Tonapetyan v.</u>
<u>Halter</u>, 242 F.3d 1144, 1147 (9th Cir. 2001); <u>Osenbrock v. Apfel</u>, 240
F.3d 1157, 1162 (9th Cir.  2001); <u>Tackett v. Apfel</u>, 180 F.3d 1094,
1097 (9th Cir. 1999); <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir.
1998); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996); <u>Moncada</u>
<u>v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a
preponderance." <u>Reddick</u>, 157 F.3d at 720.  It is "relevant evidence
which a reasonable person might accept as adequate to support a
conclusion." <u>Id</u>.  To determine whether substantial evidence supports
a finding, a court must review the administrative record as a whole,
"weighing both the evidence that supports and the evidence that
detracts from the Commissioner's conclusion." <u>Id</u>.  "If the evidence
can reasonably support either affirming or reversing," the reviewing
court "may not substitute its judgment" for that of the Commissioner.
<u>Reddick</u>, 157 F.3d at 720-721; <u>see also</u> <u>Osenbrock</u>, 240 F.3d at 1162.

## V.  <u>DISCUSSION</u>

### A.  THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must
demonstrate a medically determinable impairment which prevents the
claimant from engaging in substantial gainful activity and which is
expected to result in death or to last for a continuous period of at
least twelve months.  <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at
721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial
> gainful activity?  If so, the claimant is found not
> disabled.  If not, proceed to step two.

1    Step two: Does the claimant have a "severe" impairment?
     If so, proceed to step three.  If not, then a finding of not
2    disabled is appropriate.
          Step three: Does the claimant's impairment or
3    combination of impairments meet or equal an impairment
     listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If
4    so, the claimant is automatically determined disabled.  If
     not, proceed to step four.
5         Step four: Is the claimant capable of performing his
     past work?  If so, the claimant is not disabled.  If not,
6    proceed to step five.
          Step five: Does the claimant have the residual
7    functional capacity to perform any other work?  If so, the
     claimant is not disabled.  If not, the claimant is disabled.

8

9    Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended

10   April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107

11   S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20

12   C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or

13   "not disabled" at any step, there is no need to complete further

14   steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

15        Claimants have the burden of proof at steps one through four,

16   subject to the presumption that Social Security hearings are non-

17   adversarial, and to the Commissioner's affirmative duty to assist

18   claimants in fully developing the record even if they are represented

19   by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at

20   1288.  If this burden is met, a prima facie case of disability is

21   made, and the burden shifts to the Commissioner (at step five) to

22   prove that, considering residual functional capacity ("RFC")[1], age,

23

24        [1]  Residual functional capacity measures what a claimant can
     still do despite existing "exertional" (strength-related) and
25   "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155
     n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to
26   work without directly limiting strength, and include mental, sensory,
     postural, manipulative, and environmental limitations.  Penny v.
27   Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155
     n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a
28   nonexertional limitation.  Penny, 2 F.3d at 959; Perminter v. Heckler,

4

education, and work experience, a claimant can perform other work which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098, 1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date (step one). [AR 14.]  At step two, the ALJ determined that plaintiff did not have a medically determinable impairment and, even if she did, it would not be "severe" because it would not impair her ability to perform basic work-related activities for twelve consecutive months. [<u>Id.</u>] Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [AR 17.]

**C.  ISSUES IN DISPUTE**

The parties' Joint Stipulation identifies five disputed issues:

1.  Whether the ALJ properly considered evidence of plaintiff's mental impairment;

2.  Whether the ALJ properly considered plaintiff's testimony;

3.  Whether the ALJ properly considered evidence of plaintiff's medication side effects;

4.  Whether the ALJ properly considered whether plaintiff's mental impairment was "severe"; and

5.  Whether the ALJ fully developed the record.

[JS 5.]

As discussed below, Issue Five is dispositive.

**D.  DEVELOPMENT OF THE RECORD**

During the administrative hearing, plaintiff testified that she

---

765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

had experienced depression "off and on for years" but that it had
gotten worse in the previous year and a half to two years. [AR 278.]
Plaintiff claimed symptoms such as crying, nervousness and problems
with concentration. [Id.]  The record indicates that plaintiff made
similar complaints to a rheumatologist. [AR 112.]  At a separate
rheumatology visit, the physician reported that plaintiff was seeing,
among others, a psychiatric specialist regularly and that she had a
prescription for Trazadone and Lamactil as a mood stabilizer. [AR
272.]

     In the administrative decision, the ALJ noted plaintiff's
testimony alleging depression but found that, "there is no documented
medically determined mental impairment and a consultative psychiatric
evaluation at this point would be insufficient to establish one that
has lasted or is expected to last twelve months." [AR 17.]
Accordingly, no consultative psychiatric examination was ordered.
Plaintiff argues that the ALJ failed to fully develop the record on
this issue. [JS 14.]

     The ALJ has a "special duty to fully and fairly develop the
record and to assure that the claimant's interests are considered
. . . even when the claimant is represented by counsel." Celaya v.
Halter, 332 F.3d 1177, 1183 (9th Cir. 2003) (ellipsis in original)
(quoting Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.1983); Smolen v.
Chater, 80 F.3d 1273, 1288 (9th Cir. 1996).  "Social Security
proceedings are inquisitorial rather than adversarial.  It is the
ALJ's duty to investigate the facts and develop the arguments both for
and against granting of benefits." Sims v. Apfel, 530 U.S. 103,
110-111, 120 S. Ct. 2080, 147 L. Ed 2d 80 (2000); see also Widmark v.
Barnhart, 454 F.3d 1063, 1068 (9th Cir. 2006)("it is incumbent upon

6

1  the ALJ to scrupulously and conscientiously probe into, inquire of,
2  and explore for all the relevant facts" and to remain "especially
3  diligent in ensuring that favorable as well as unfavorable facts and
4  circumstances are elicited")(quoting Cox v. Califano, 487 F.2d 988,
5  991 (9th Cir. 1978)).  "Ambiguous evidence, or the ALJ's own finding
6  that the record is inadequate to allow for proper evaluation of the
7  evidence, triggers the ALJ's duty to 'conduct an appropriate
8  inquiry.'" Id. (citing Smolen, 80 F.3d at 1288).

9          In this case, the record should have been developed further with
10 regard to plaintiff's alleged mental impairments.  The existing
11 evidence indicates that plaintiff had complained of recurring
12 depression, reported her complaints to a physician, and received
13 medication for it.  Under these circumstances, the record was
14 ambiguous as to whether plaintiff has a medically determinable mental
15 impairment, triggering the need for further development of an adequate
16 record.  See Hilliard v. Barnhart, 442 F. Supp. 2d 813, 817 (N.D. Cal.
17 2006)(finding independent duty to develop record when plaintiff merely
18 "raised a suspicion" concerning an alleged mental impairment).  To the
19 extent that defendant argues that there was no duty to develop the
20 record because plaintiff failed to satisfy her burden of proving
21 disability and furnishing supporting evidence [JS 15], this "confuses
22 the burden of proof, which is clearly on the claimant at step two,
23 with the ALJ's independent duty to develop the record, which is
24 triggered by ambiguous evidence." Id. (citing Tonapetyan, 424 F.3d at
25 1151); see also Widmark, 454 F.3d 1063 (finding duty to develop record
26 when record was ambiguous even when plaintiff failed to specifically
27 allege impairment in connection with disability claim).  Accordingly,
28 remand for further proceedings is appropriate.

**E.   REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  Id. Here, as set out above, outstanding issues remain before a finding of disability can be made.  Accordingly, remand is appropriate.

**VI.   ORDERS**

Accordingly, **IT IS ORDERED** that:

1.   The decision of the Commissioner is **REVERSED**.

2.   This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3.   The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.


DATED: October 15, 2008

```
_____/S/_____
      CARLA M. WOEHRLE
  United States Magistrate Judge
```